FILED

NOV 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN EVERETT WILLIAMS, III, | No. 14-36016 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01089-MJP |
| v. | |
| NATIONAL FOOTBALL LEAGUE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted November 16, 2016[**]

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

John Everett Williams, III, appeals pro se from the district court's judgment

dismissing his antitrust action alleging claims under the Sherman Act and the

Clayton Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and we may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

The district court properly dismissed Williams's claims under Sections 1 and 2 of the Sherman Act because Williams failed to allege a relevant product and geographic market, that any agreement between defendants had an anti-competitive purpose or effect, and failed to allege an attempt to gain control in any relevant market.  *See Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1045 n.4 (9th Cir. 2008) ("Antitrust law requires allegation of both a product market and a geographic market."); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 734, 736 (9th Cir. 1987) (setting forth elements of a claim under Sections 1 and 2 of the Sherman Act).

Dismissal of Williams's claim under the Clayton Act was proper because Williams failed to allege facts sufficient to show that the effect of the Seahawks' ticket distribution policy was to lessen competition or to create a monopoly.  *See FTC v. Anheuser-Busch, Inc.*, 363 U.S. 536, 550 (1960) (Section 2(a) of the Clayton Act, "proscribes price differences . . . where the effect of the differences may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who

either grants or knowingly receives the benefit of the price differential, or with customers of either of them." (internal citations omitted)); *Chroma Lighting v. GTE Prods. Corp.*, 111 F.3d 653, 655-657 (9th Cir. 1997) (the Act protects competition and individual competitors).

The district court did not abuse its discretion in dismissing Williams's complaint without leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-36016